## UNITED STATES DISTICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CAROLINE STAMPS,

     Plaintiff,                       CASE NO:

vs.

INPRODUCTION INC.,

     Defendant.

_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Caroline Stamps (hereafter "Stamps") by and through counsel, hereby files this complaint against Defendant, InProduction Inc. (hereafter "Defendant"), and in support thereof states as follows:

### NATURE OF ACTION

1.     This action addresses claims for recovery of unpaid overtime compensation owed to Stamps pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended (the "FLSA"), for violations of the Family and Medical Leave Act 1993, 29 U.S.C. § 2601, *et seq*. (the "FMLA") and for violations by Defendant of Stamps' civil rights under the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes (the "FCRA") through acts of discrimination and retaliation.

### JURISDICTION AND VENUE

2.     Jurisdiction in this Court is proper as Stamps is bringing this action pursuant to the FLSA and the FMLA thereby raising a federal question over which this Court possesses original jurisdiction.

3.      This Court has supplemental jurisdiction over Stamps' FCRA claims under 28 U.S.C. § 1367(a) as these claims are so related to claims in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.      The acts and omissions that give rise to this action occurred in Orange County, Florida.  Venue is therefore proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      At all times material hereto, Stamps has resided in Orange County, Florida.

6.      Defendant is a Delaware corporation that maintains its principal office in Naperville, Illinois, and does business in Orange County, Florida.

7.      At all times material hereto, Defendant was an "employer" as defined by section 760.02(7), Florida Statutes, because it employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the year in which the unlawful employment practices took place and the preceding calendar year.

8.      At all times material hereto, Defendant was a covered employer under the FMLA, as it employed fifty (50) or more employees in, or within seventy five (75) miles of, the location where Stamps worked.

9.      At all times material hereto, Stamps was employed by Defendant and met all eligibility requirements for protected leave under the FMLA, including having worked for at least twelve (12) months and not less than one thousand two hundred fifty (1,250) hours during the twelve-month period preceding her leave request.

10.     Defendant employed Stamps within Orange County, Florida.

2

11.     At all times material hereto, Defendant was the employer of Stamps.

## FLSA COVERAGE

12.     At all times material hereto, Defendant employed two or more employees, including Stamps, who regularly were and are engaged in commerce, or worked on goods or materials that had been moved in or produced for commerce.

13.     Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.  29 U.S.C. § 203(s)(1)(A)(ii).

14.     Defendant is subject to enterprise coverage under the Section 203(s)(1)(A) of the FLSA.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

15.     Stamps exhausted her administrative remedies under the FCRA by dual-filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) within three hundred sixty-five (365) days of the discriminatory conduct alleged in this action.

16.     Stamps received the EEOC's Dismissal and Notice of Rights on August 21, 2019.

17.     The FCHR made no determination as to the merits of Stamps' allegations within the one-hundred eighty (180) day period following the filing of her charge of discrimination.

18.     Stamps has satisfied all of the administrative procedures that were conditions precedent to filing this complaint under the FCRA and is permitted to proceed to court on her FCRA claims pursuant to section 760.11, Florida Statutes.

## GENERAL ALLEGATIONS

19.     Defendant is in the business of arranging seating, staging and flooring rentals for events.

20.     From March 13, 2017, to October 5, 2018, Stamps was employed by Defendant as an Information Technology (IT) Systems Administrator.

## FACTUAL ALLEGATIONS COMMON TO COUNT I

21.     As an IT Systems Administrator, Stamps' primary duty was providing end user support, on site information technology (IT) maintenance, and monitoring servers and networks.

22.     The position of IT Systems Administrator did not involve the regular exercise of discretion over matters of significance, nor did Stamps engage in creative or discretionary computer related activities such as coding or designing networks.

23.     As an IT Systems Administrator, Stamps was compensated pursuant to a salary.

24.     As an IT Systems Administrator, Stamps regularly worked in excess of forty (40) hours per week.

25.     Defendant failed to maintain complete and accurate time records during the period in which Stamps was employed as an IT Systems Administrator.

26.     Instead, Defendant's records reflect that Stamps worked, and was compensated, based upon forty (40) hours per work week, regardless of the number of hours she actually worked.

27.     Defendant did not pay Stamps one and one half times her regular rate of pay for hours worked in excess of forty (40) per work week during the time she was employed as an IT Systems Administrator.

28.     In fact, during the time Stamps was employed by Defendant as an IT Systems Administrator, she never received any extra pay of any kind as a result of working in excess of forty (40) hours in any workweek.

4

## FACTUAL ALLEGATIONS COMMON TO COUNTS I-VI

29.     During her employment with Defendant, Stamps suffered from multiple sclerosis and a chronic eye condition.

30.     As a result of these medical conditions, Stamps needed to take time periodically for treatment and recovery.

31.     Stamps saw two separate ophthalmologists for treatment of her chronic eye condition.

32.     On May 29, 2017, Tom Hilton became Stamps' supervisor.

33.     In July 2017, a Director position became available and Mr. Hilton refused to consider Stamps for the Director role.

34.     Mr. Hilton instead hired Andi Gioligu for the Director position.

35.     Mr. Gioligu is a non-disabled individual.

36.     Mr. Gjoligu was hostile towards Stamps each time she had to leave work to attend medically necessary doctor's appointments as a result of her worsening multiple sclerosis symptoms.

37.     At no time, however, did her treatments prevent Stamps from effectively performing her essential job functions, nor did they result in excessive absenteeism.

38.     Stamps scheduled her medical appointments as early as possible in the mornings to minimize disruption of her work schedule.

39.     Stamps scheduled her medical appointments as far out in advance and with as much notice as possible to Defendant.

40.     Stamps' medical appointments were visible to Defendant as they were on a shared calendar.

41.     Each time Stamps attended a medical appointment and was unable to attend Defendant's mandatory morning meeting, she was made to feel uncomfortable by her supervisor, Andi Gjoligu.

42.     On numerous occasions, Mr. Gjoligu would contact Stamps while she was at her doctor's office despite knowing that she was attending a medically necessary doctor's appointment.

43.     In October 2017, Stamps underwent surgery for her chronic eye condition.

44.     In April 2018, Stamps underwent a second surgery for her chronic eye condition.

45.     In late-June, or early July of 2018, Stamps began experiencing a worsening of her multiple sclerosis symptoms and was told by her physicians that her condition was no longer in remission.

46.     In July 2018, Stamps told her supervisors that she was still working with her doctors to find the best combination of medication for her chronic eye condition and that her doctors had also recently determined that her multiple sclerosis was no longer in remission.

47.     In August 2018, Stamps contacted human resources and requested paperwork to secure leave pursuant to the FMLA.

48.     Defendant did not approve or designate Stamps' legally protected leave.

49.     On October 5, 2018, Stamps' employment was summarily terminated.

50.     Stamps was informed that the reason she was being terminated was because she provided a recently terminated employee with concert tickets he had left behind at the time of his departure.

51.     Stamps' actions did not violate any of Defendant's policies, and did not involve the transmission of any document or information belonging to Defendant.

## COUNT I
## FLSA CLAIMS AGAINST DEFENDANT
## (UNPAID OVERTIME COMPENSATION)

52.     Stamps hereby incorporates by reference paragraphs 1 through 51 herein.

53.     At all times relevant to this complaint, defined as the period commencing three (3) years prior to the filing of this action, Defendant has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of 29 U.S.C. § 203(d).

54.     At all times relevant to this complaint, Defendant employed Stamps within the definition of the 29 U.S.C. § 203(e)(1).

55.     The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty (40) hours in a work week.

56.     Throughout the relevant period, Stamps has been a non-exempt employee entitled to receive overtime pay under the FLSA.

57.     Stamps is therefore entitled to one and one half-times her regular rate of pay for all hours worked in excess of forty (40) per workweek.

58.     At all times relevant to this complaint, Defendant failed and refused to pay Stamps overtime premiums for the hours she has worked in excess of forty (40) per work week.

59.     As a result of Defendant's failure to compensate Stamps as required by the FLSA, Defendant has violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1).

60.     Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), thereby extending the statute of limitations from two years to three years.

61.     Through the conduct as alleged herein, Defendant failed to act in good faith with respect to Stamps' compensation.

62.     Stamps is entitled to damages in the amount of her unpaid overtime compensation during the relevant period, plus an equal amount as liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b) and other such legal and equitable relief as the Court deems just and proper.

63.     Stamps requests recovery of her attorneys' fees and costs associated with her claims as provided by 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF

WHEREFORE, Stamps requests the following relief:

A.      A declaratory judgment that the practices complained of herein are unlawful under 29 U.S.C. § 201 *et seq*.;

B.      An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

C.      An award of damages including liquidated damages to be paid by Defendant;

D.      Attorneys' fees and costs; and

E.      Any other relief that this Court deems just.

### COUNT II: FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601, *et seq*. (INTERFERENCE WITH RIGHTS)

64.     Stamps hereby incorporates by reference paragraphs 1 through 51 herein.

65.     Stamps met all of the eligibility requirements to qualify for up to twelve (12) weeks of unpaid, job-protected, leave per year for qualifying reasons, including caring for her own serious health condition as defined by the FMLA.

66.     Stamps was entitled to FMLA leave.

67.     Though Defendant initially approved Stamps' leave request, Stamps was thereafter subjected to coercion, threats, intimidation, and harassment by her supervisor.

68.     Stamps exercised her rights under the FMLA by requesting leave to undergo treatment for her qualifying medical conditions.

69.     By denying Stamps' request for leave in violation of her FMLA rights, Defendant interfered with Stamps' exercise of her rights as provided and protected by the FMLA. Moreover, Defendant's proffered reason for Stamps' termination was a mere pretext to interfere with Stamps' attempt to use her rights afforded under the FMLA.

70.     Defendant did not act in good faith, nor did it have any reasonable grounds for believing that its actions were in compliance with the FMLA.  Moreover, Defendant's proffered reason for Stamps' termination was a mere pretext for its unlawful retaliatory action of discharging Stamps' attempt to use her rights afforded under the FMLA.

71.     As a result of Defendant's interference with Stamps' rights, Stamps suffered lost compensation, including the loss of wages and benefits.

72.     Stamps has and will continue to incur attorneys' fees and costs in this action, and is entitled to recovery of her attorneys' fees and costs pursuant to the FMLA. 29 C.F.R. § 825.400(c).

**DEMAND FOR RELIEF**

WHEREFORE, Stamps demands judgment against Defendant for:

    a.  back pay and/or lost earnings;

    b.  liquidated damages;

    c.  attorneys' fees and costs of this action pursuant to 29 C.F.R. § 825.400(c); and

    d.  such other relief as this Court deems just and proper.

**COUNT III: FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601, *et seq.*
(RETALIATION)**

73.    Stamps hereby incorporates by reference paragraphs 1 through 51 herein.

74.    Following Stamps' exercise of her rights under the FMLA, Defendant retaliated against her by subjecting Stamps to coercion, threats, intimidation, and harassment by her supervisor.

75.    The retaliatory acts culminated in the termination of Stamps' employment.

76.    As a direct and proximate result of the retaliatory conduct to which she was subjected, Stamps has suffered lost wages, benefits, and other earnings.

77.    Defendant acted in bad faith and with disregard of Stamps' rights under the FMLA.

78.    As a result of Defendant's unlawful retaliation, Stamps suffered lost compensation, including the loss of wages and benefits.

79.    Stamps has and will continue to incur attorneys' fees and costs in this action, and is entitled to recovery of her attorneys' fees and costs pursuant to the FMLA. 29 C.F.R. § 825.400(c).

## DEMAND FOR RELIEF

WHEREFORE, Stamps demands judgment against Defendant for:

    a.  back pay and/or lost earnings;

    b.  liquidated damages;

    c.  attorneys' fees and costs of this action pursuant to 29 C.F.R. § 825.400(c); and

    d.  such other relief as this Court deems just and proper.

## COUNT IV: FLORIDA CIVIL RIGHTS ACT OF 1992,
## CHAPTER 760, FLORIDA STATUTES
## (DISABILITY (ACTUAL OR PERCEIVED) DISCRIMINATION)

80.    Stamps hereby incorporates the allegations set forth in paragraphs 1 through 51 by reference.

81.    Stamps is a qualified individual with a disability and/or handicap under the FCRA.  Specifically, Stamps was diagnosed with multiple sclerosis and a chronic eye condition, which affected both her major life activities and major bodily functions.

82.    At all times material hereto, Stamps was qualified to perform the essential functions of her position with or without reasonable accommodations.

83.    Defendant discriminated against Stamps on the basis of her disability by treating her less favorably than non-disabled employees in the terms and conditions of her employment, by subjecting Stamps to hostility whenever she attended her medically necessary doctor's appointments, by frequently contacting Stamps while she was attending her medically necessary doctor's appointments, by denying Stamps' request for leave to undergo treatment for her qualifying medical conditions, by issuing Stamps unwarranted disciplinary write-ups, by passing Stamps over for the Director position and instead awarding it to a non-disabled individual, and then, ultimately, terminating her employment.

84.     As a direct, proximate, and foreseeable result of Defendant's discriminatory actions, Stamps has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

85.     The actions of Defendant make reinstatement ineffective as a make whole remedy, entitling Stamps to front pay in lieu of reinstatement.

86.     The actions of Defendant were willful, wanton, intentional and/or were performed with malice and/or with reckless indifference to Stamps' protected rights under the FCRA, thereby entitling Stamps to punitive damages.

87.     Stamps has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorney's fees and costs.

## **DEMAND FOR RELIEF**

WHEREFORE, Stamps demands judgment against Defendant for:

a.     Back pay;

b.     Front pay;

c.     Compensatory damages;

d.     Punitive damages;

e.     Attorneys' fees and costs of this action pursuant to § 760.11(5), Fla. Stat.; and

f.     Such other relief as this Court deems just and proper.

## COUNT V: FLORIDA CIVIL RIGHTS ACT OF 1992,
## CHAPTER 760, FLORIDA STATUTES
### (FAILURE TO ACCOMMODATE)

88.     Stamps hereby incorporates the allegations set forth in paragraphs 1 through 51 of the Complaint as if fully set forth herein.

89.     Stamps is a qualified individual with a disability and/or handicap under the FCRA.  Specifically, Stamps was diagnosed with multiple sclerosis and a chronic eye condition, which affected both her major life activities and major bodily functions.

90.     At all times material hereto, Stamps was qualified to perform the essential functions of her position with or without reasonable accommodations.

91.     Defendant failed to provide reasonable accommodations for Stamps' disability when it denied Stamps' request for leave to undergo treatment for her qualifying medical conditions, and then, ultimately, terminating her employment.

92.     As a direct, proximate, and foreseeable result of Defendant's discriminatory actions, Stamps has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

93.     The actions of Defendant make reinstatement ineffective as a make whole remedy, entitling Stamps to front pay in lieu of reinstatement.

94.     The actions of Defendant were willful, wanton, intentional and/or were performed with malice and/or with reckless indifference to Stamps' protected rights under the FCRA, thereby entitling Stamps to punitive damages.

95.     Stamps has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorney's fees and costs.

**DEMAND FOR RELIEF**

WHEREFORE, Stamps demands judgment against Defendant for:

a.      Back pay;

b.      Front pay;

c.      Compensatory damages;

d.      Punitive damages;

e.      Attorneys' fees and costs of this action pursuant to § 760.11(5), Fla. Stat.; and

f.      Such other relief as this Court deems just and proper.

**COUNT VI: FLORIDA CIVIL RIGHTS ACT OF 1992,
CHAPTER 760, FLORIDA STATUTES
(RETALIATION)**

96.     Stamps hereby incorporates the allegations set forth in paragraphs 1 through 51 by reference.

97.     Stamps engaged in protected activity when she requested reasonable accommodations, including permitting her to attend medically necessary doctor's appointments and requesting leave to undergo treatment for her qualifying medical conditions, and when she objected to the unlawful disability discrimination to which she was being subjected.

98.     Defendant violated the FCRA by retaliating against Stamps for requesting accommodations and for objecting to the unlawful disability discrimination to which she was being subjected, with such practices constituting unlawful employment practices.

99.     Defendant took adverse employment actions against Stamps as a result of her protected activity by denying Stamps' request for leave in a manner consistent with its policy, and then ultimately terminating her employment.

14

100.    The adverse employment actions suffered by Stamps were causally related to, and in retaliation for, Stamps having engaged in the protected activities of seeking accommodations, and of complaining about, and objecting in good faith to, unlawful disability discrimination as prohibited by the FCRA.

101.    As a direct, proximate, and foreseeable result of Defendant's retaliatory actions, Stamps has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

102.    The actions of Defendant make reinstatement ineffective as a make whole remedy, entitling Stamps to front pay in lieu of reinstatement.

103.    The actions of Defendant were willful, wanton, intentional and/or were performed with malice and/or with reckless indifference to Stamps' protected rights under the FCRA, thereby entitling Stamps to an award of punitive damages.

104.    Stamps has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorney's fees and costs.

## **DEMAND FOR RELIEF**

WHEREFORE, Stamps demands judgment against Defendant for:

a.    Back pay;

b.    Front pay;

c.    Compensatory damages;

d.    Punitive damages;

e.    Attorneys' fees and costs of this action pursuant to § 760.11(5), Fla. Stat.; and

f.     Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Caroline Stamps, hereby demands trial by jury on all issues so triable as a matter of right.

Date:   June 16, 2020

Respectfully submitted,

s/ David H. Spalter, Esq.
David H. Spalter, Esquire
Florida Bar No. 966347
JILL S. SCHWARTZ & ASSOCIATES, P.A.
655 W. Morse Blvd., Suite 212
Winter Park, Florida 32789
Telephone: (407) 647-8911
Facsimile: (407) 628-4994
E-mail: dspalter@schwartzlawfirm.net
Secondary E-mail: jtacktill@schwartzlawfirm.net
Secondary E-mail: docketing@schwartzlawfirm.net
Attorney for Plaintiff